# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRIORITY SALES MANAGEMENT, INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:10-cv-1918 (CFD) |
| : | |
| CARLA'S PASTA, INC., and : | |
| CROSSMARK, INC., : | |
|     Defendants. : | |

## RULING ON MOTION TO STAY AND MOTION TO DISMISS

The plaintiff, Priority Sales Management, Inc. ("Priority Sales"), brought this action against Carla's Pasta, Inc. ("Carla's Pasta") and Crossmark, Inc. ("Crossmark") alleging breach of contract, breach of implied covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b, and tortious interference with a business relationship. Defendant Carla's Pasta now moves to stay the proceedings, or in the alternative, moves to dismiss Counts Two and Three of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendant's motion to stay is denied and the defendant's motion to dismiss is granted in part and denied in part.

## I. Factual Background[1]

Priority Sales entered into a consulting agreement with Carla's Pasta on July 21, 2009 (the "Agreement"). The Agreement provided that Priority Sales was required to "use its best efforts to assist [Carla's Pasta] in the development and execution of its marketing and sales

---

[1] These facts are taken from the allegations of the plaintiff's complaint. The allegations must be assumed true for the purpose of resolving the motion to dismiss.

strategy for a line of pasta products packaged for retail sales . . . ." Under the Agreement, Priority Sales was entitled to receive between $15,000 to $20,000 per month for its services.

The Agreement also provided that Carla's Pasta may terminate Priority Sales for "cause" or "for any or no reason." Carla's Pasta was required to give Priority Sales at least sixty days notice of "no cause" termination. Under the Agreement, "cause" was defined as either (1) "the willful engaging (including without limitation or failure to act) by [Priority Sales] in conduct which is or could reasonably be expected to be materially injurious to [Carla's Pasta]"; or (2) "the demonstrated voluntary unwillingness of [Priority Sales] to perform its Duties." To terminate Priority Sales for "cause," Carla's Pasta was required to give Priority Sales notice of its failed performance and allow Priority Sales twenty days to cure such performance before terminating the Agreement.

On October 1, 2010, Carla's Pasta provided Priority Sales with written termination, claiming "for cause" termination. On October 5, 2010, Priority Sales responded to Carla's Pasta, disputing the existence of "cause" for termination. On October 12, 2010, Priority Sales received a response from Carla's Pasta counsel, which more fully articulated Carla's Pasta's reason for initiating "for cause" termination and stated that the termination was retroactive to September 22, 2010.

Priority Sales alleges that Carla's Pasta's reasons for termination do not constitute "cause" under the Agreement, and claim that Carla's Pasta "for cause" termination was a pretext for "no cause" termination. As a result of its termination, Priority Sales brought this lawsuit.

## II. Discussion

### A. Motion to Stay

Pursuant to Connecticut General Statute § 33-921(a), "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." A court may stay a proceeding until the foreign corporation obtains a certificate of authority. Conn. Gen. Stat. § 33-921(c). Since filing this lawsuit in December 2010, Priority Sales, a foreign corporation with a principal place of business in Florida, has filed a certificate of authority.[2] Accordingly, Carla's Pasta's motion to stay is denied.

### B. Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

---

[2] An application for Certificate of Authority was filed with the Secretary of the State of Connecticut on March 28, 2011.

### *1.*     *Breach of Implied Covenant of Good Faith and Fair Dealing*

Carla's Pasta claims that Priority Sales has failed to state a claim in Count Two for an alleged breach of the covenant of good faith and fair dealing with respect to Carla's Pasta's termination of Priority Sales.

"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party will do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 618 A.2d 501, 505 (Conn. 1992); Fairfield, Inc. v. Infiniti Div. of Nissan N. Am., Inc., 579 F. Supp. 2d 294, 313 (D. Conn. 2008). Connecticut courts have held that to constitute a breach of the covenant of good faith, the defendant's acts must have been taken in bad faith. See, e.g., Alexandru v. Strong, 837 A.2d 875, 883 (Conn. App. Ct. 2004). A party acts in bad faith if the party commits "actual or constructive fraud, or [has] a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than negligence; it involves a dishonest purpose." Habetz, 618 A.2d at 504 (internal quotations and citations omitted).

To bring a claim for breach of the covenant of good faith and fair dealing, the plaintiff must prove three elements: (1) that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; (2) that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and (3) that when committing the acts by which it injured the plaintiffs right to receive those benefits, the defendant acted in bad faith. See Franco v. Yale Univ., 238 F. Supp. 2d 449, 455 (D. Conn.

2002) (citing Fairfield Fin. Mortg. Grp., Inc. v. Salazar, No. CV000339752S, 2002 WL 1009809, at *3 (Conn. Super. Ct. Apr. 23, 2002)).

Priority Sales has alleged that it had a contractual relationship with Carla's Pasta, pursuant to which it expected to receive between $15,000 to $20,000 monthly for providing consulting services. Priority Sales has also alleged that Carla's Pasta engaged in conduct that injured Priority Sales' right to receive that compensation by terminating it without cause. Furthermore, Carla's Pasta allegedly did not provide adequate notice of termination, thereby preventing Priority Sales from having a twenty day period to cure its performance as was required under the Agreement. Finally, Priority Sales has alleged that Carla's Pasta acted in bad faith in terminating it; Carla's Pasta allegedly claimed "for cause" termination as a pretext for "no cause" termination and Carla's Pasta allegedly refused to pay amounts owed to Priority Sales pursuant to any termination. Therefore, Priority Sales has adequately alleged that Carla's Pasta acted in bad faith and has set forth an actionable claim for breach of the implied covenant of good faith and fair dealing. Accordingly, Carla's Pasta's motion to dismiss Count Two is denied.

  2.  *CUTPA*

In Count Three, Priority Sales alleges that Carla's Pasta violated CUTPA, Conn. Gen. Stat. § 42-110b, by committing an unfair deceptive trade practice.

Conn. Gen. Stat. section 42-110b(a) states that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." To prevail on a CUTPA claim, the plaintiff must establish both that the defendant engaged in a prohibited act and that the prohibited act was the proximate cause of the harm to the plaintiff. Abrahams v. Young & Rubicam, Inc., 692 A.2d 709, 712 (Conn. 1997).

To determine whether a practice violates CUTPA, courts examine three factors, which are commonly referred to collectively as the "cigarette rule": "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businessmen]." Rosenthal v. Ford Motor Co., 462 F. Supp. 2d 296, 310 (D. Conn. 2006) (citing Sanghavi v. Paul Revere Life Ins. Co., 572 A.2d 307, 311 (Conn. 1990)). A "simple breach of contract," however, does not offend traditional notions of fairness and does not constitute a violation of CUTPA. See Aztec Energy Partners, Inc. v. Sensor Switch, Inc., 531 F. Supp. 2d 226, 232 (D. Conn. 2007) (noting that a plaintiff must allege "sufficient aggravating circumstances" beyond merely a breach of contract to state a CUTPA claim).

Priority Sales has failed to sufficiently allege a violation of CUTPA. Although Priority Sales alleges that Carla's Pasta used "for cause" termination as a pretext for "no cause" termination and acted in bad faith, Priority Sales has not alleged sufficiently more than a "simple breach of contract." See Aztec Energy, 531 F. Supp. 3d at 232. Instead, Priority Sales incorporates by reference its allegations from its breach of contract claim in Count One and only alleges that the "actions of Defendant Carla's constitute an unfair or deceptive trade practice within the meaning of CGS § 42-110(b) [sic]." Courts have held that "merely stating that the defendant's conduct violates public policy or is unfair and/or deceptive is not sufficient to sustain a CUTPA claim." Edmond v. Promus Hotel Corp., No. CV990118824S, 2001 WL 92294, at *3

(Conn. Super. Ct. Jan. 17, 2001); see Aussenhandel v. Grant Airmass Corp., No. CV89 0103541S, 1990 WL 283750, at *1 (Conn. Super. Ct. Oct. 15, 1990) (striking a CUTPA claim where the plaintiff merely incorporated by reference its breach of contract claim and did "not set forth how or in what respect the defendants' alleged activities are either immoral, unethical, unscrupulous or offensive to public policy"). Accordingly, Carla's Pasta's motion to dismiss Count Three is granted.

### III. Conclusion

Accordingly, the defendant's motion to stay [Dkt. #18] is DENIED and the defendant's motion to dismiss [Dkt. #18] is GRANTED IN PART and DENIED IN PART.

SO ORDERED this 26th day of August 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**